UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LAWANDA MOSLEY, | ) |
| Plaintiff, | ) |
| vs. | )  Civil Action No. CV-01-S-428-NE |
| NICHOLS RESEARCH CORPORATION, | ) |
| Defendant. | ) |

FILED
03 AUG 25 PM 12:53
U.S. ... T
N.D. OF ALABAMA

ENTERED
AUG 25 2003

### MEMORANDUM OPINION

This action is before the court on plaintiff's "motion to reopen based on wrong statute" (doc. no. 5). Because the court dismissed plaintiff's action on February 20, 2001, the court construes the motion as either a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b).

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed *no later than 10 days after entry of the judgment.*" Fed. R. Civ. P. 59(e) (emphasis supplied). Because plaintiff's motion was filed more than two years after the order dismissing her claims was entered, her motion is untimely.

Rule 60(b), relating to relief from a judgment or order, reads, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time*, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

Fed. R. Civ. P. 60(b) (emphasis supplied).

Plaintiff filed a *pro se* complaint, and paid a filing fee, on February 16, 2001. In the complaint, plaintiff asserted that "[m]y subsequent lay-off March of 1999, violates § 42 U.S.C. 1981 Race Discrimination and Retaliation."[1] Upon review of the complaint and the factual allegations, this court determined that plaintiff had failed to state a claim for race discrimination or retaliation, and dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which states: "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." The Eleventh Circuit has held, however, that where a plaintiff has paid the filing fee, that statutory provision is inapplicable, and *sua sponte* dismissal of an action is inappropriate despite plaintiff's failure to state a claim upon which relief may be granted. *Haygood v. Huntsville City Schools*, No. 01-11604 (11th Cir. June 19, 2002) (copy attached). Accordingly, plaintiff's contention that the action was dismissed erroneously has some merit.

---

[1] Doc. no. 1, at unnumbered page 6.

2

Even so, the court concludes that plaintiff's motion was not "made within a reasonable time" as required by Rule 60(b). The action was dismissed on February 20, 2001, but plaintiff's motion was not filed until August 12, 2003 — more than two years after the dismissal.[2] Therefore, plaintiff's motion is due to be denied. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this  25th  day of August, 2003.

_____
United States District Judge

---

[2]It should be noted that where a party seeks relief from a judgment or order on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, a motion must be made not more than one year after the judgment or order was entered. Fed. R. Civ. P. 60(b).

3

# United States Court of Appeals

For the Eleventh Circuit

FILED

02 JUN 20 PM 2: 34

U.S. DISTRICT COURT
FILED N.D. OF ALABAMA

No. 01-11604

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

District Court Docket No.
00-02929-CV-S-NE

May 21, 2002

THOMAS K. KAHN
CLERK

WILSONIA W. HAYGOOD,

    Plaintiff-Appellant,

versus

HUNTSVILLE CITY SCHOOLS,
PENNY SUMNERS, LEE GRADFORD,
BARRY CARROLL,

    Defendants-Appellees.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-----

Appeal from the United States District Court
for the Northern District of Alabama

-----

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUN 1 9 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: May 21, 2002
For the Court: Thomas K. Kahn, Clerk
By: Eggleston, Nataki

FILED

02 JUN 20 PM 2: 3

U.S. DISTRICT COURT
N.D. OF ALABAMA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAY 21 2002

THOMAS K. KAHN
CLERK

No. 01-11604
Non-Argument Calendar

D.C. Docket No. 00-02929-CV-S-NE

WILSONIA W. HAYGOOD,

Plaintiff-Appellant,

versus

HUNTSVILLE CITY SCHOOLS,
PENNY SUMNERS, et al.,

Defendants-Appellees.

---

Appeal from the United States District Court for the
Northern District of Alabama

---

(May 21, 2002)

Before ANDERSON, Chief Judge, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Wilsonia W. Haygood, appearing *pro se*, appeals the district court's dismissal of her complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)(2000). Appellant filed suit against Huntsville City Schools, Penny Sumners, Barry Carroll, and Lee Gradford (collectively, Appellees) alleging racial employment discrimination, retaliation, and harassment in violation of 42 U.S.C. § 1981 (1994) and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2 (1994).

I. PROCEDURAL BACKGROUND

Appellant initiated proceedings in the district court by filing her complaint on October 16, 2000. Thereafter, on February 9, 2001, Appellant filed a motion for appointment of counsel and attached to that motion what she referred to as an amended complaint. In the "amended complaint," Appellant included an additional allegation against Appellees for hostile work environment and indicated the complaint would probably be amended again after consultation with an attorney.

On February 20, 2001, the district court denied the motion for appointment of counsel and dismissed, *sua sponte*, Appellant's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. Subsequently, on February 26, 2001, Appellant filed what purported to

2

be another amended complaint in the form of a memo to the district court with a copy of her EEOC complaint attached.[1] The district court construed this memo as a motion to reconsider. On March 26, 2001, the district court granted Appellant's motion to reconsider the dismissal of her claim and, upon reconsideration, again dismissed Appellant's complaint, as amended, for failure to state a claim upon which relief could be granted.[2]

Appellant did not file a notice of appeal to the district court's second dismissal;[3] however, on March 21, 2001, Appellant timely filed a notice of appeal to the first dismissal of her complaint.

## II. STANDARD OF REVIEW

---

[1] On February 27, 2001, Appellees moved to dismiss Appellant's amended complaint.

[2] Also on March 26, 2001, the district court dismissed Appellees' motion to dismiss as moot in light of its dismissal of Appellant's complaint.

[3] Under Fed. R. App. P. 4(a)(4)(B)(i), if a civil post-judgment motion is filed within ten business days of judgment, a notice of appeal filed while that motion is pending will be tolled until the date of an order disposing of the motion. *United States v. E. Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir. 1986). The district court construed Appellant's self-styled "Amended Complaint . . . in reference to Rule 60(b)," as a motion for reconsideration. This motion was submitted after the district court's dismissal of her original complaint and is construed as a tolling motion for relief from judgment. *Id.* Thus, her notice of appeal was tolled until the district court denied relief on that motion. *Id.* Appellant, however, did not file an amended notice of appeal from the denial of her tolling motion, as required by the federal rules. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (providing that a party intending to appeal a tolling motion must file a notice of appeal or an amended notice of appeal). Appellant, therefore, may not challenge the district court's second dismissal order in this Court.

3

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

## III. DISCUSSION

On appeal, Appellant initially argues the district court erred by denying her an opportunity for her claims to be heard. Appellant, however, provided no more than this bare assertion in support of her argument. In her reply brief, though, Appellant argues the district court erred by dismissing her appeal for two reasons: (1) § 1915(e)(2)(B)(ii) is inapplicable to her case because she is not proceeding *in forma pauperis*, and (2) the district court should have provided her with an opportunity, and guidance, to file an appropriate amended complaint because she attempted to file a motion for leave to amend.

The district court was correct in concluding Appellant's complaint failed to state a claim upon which relief could be granted primarily because the complaint failed to allege the specific factual basis for her claims. Nonetheless, in the reply brief, Appellant raised two arguments worthy of the district court's attention.

With respect to Appellant's first argument, §1915 by its terms applies only to proceedings *in forma pauperis*. *See, e.g., Rodriguez-Mora v. Baker*, 792 F.2d

4

1524, 1526 (11th Cir. 1986) ("The invocation of 28 U.S.C. § 1915(d) was inappropriate. By its terms this section only applies to proceedings *in forma pauperis*. Rodriguez-Mora, although proceeding *pro se*, paid the required filing fee. This does not, however, require a remand, because it is clear that the complaint did not state a claim upon which relief could be granted."). Nonetheless, dismissal may still be appropriate if the complaint is insufficient to withstand dismissal under Rule 12(b)(6). *See id.* Generally, though, a court may not *sua sponte* dismiss a claim under Rule 12(b)(6). *See Byrne v. Nezhat*, 261 F.3d 1075, 1127 n. 99 (11th Cir. 2001); *Jefferson Fourteenth Assoc. v. Wometco de P. R., Inc.*, 695 F.2d 524, 526 (11th Cir. 1983).

In this case, §1915 is inapplicable because Appellant paid all required filing fees and, therefore, is not proceeding *in forma pauperis*. Furthermore, Rule 12(b)(6) is inapplicable because Appellant's complaint was dismissed *sua sponte*.

With respect to Appellant's second argument, a *pro se* complaint is measured by less stringent standards than those applied to formal complaints drafted by lawyers, and "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 97 S. Ct. 285, 292

5

(1976). Otherwise, a *pro se* complainant is entitled an opportunity to offer proof in support of his claim. *Haines v. Kerner*, 92 S. Ct. 594, 596 (1972).

## IV. CONCLUSION

Normally, we do not consider arguments raised for the first time in a reply brief. *See United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir.1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court."). Therefore, we could affirm the district court's order because the original dismissal was without prejudice and we generally do not consider arguments raised in a reply brief. In this case, we have determined it is best to vacate and remand for further proceedings because Appellant is *pro se*, has paid all her required filing fees, and has provided some support for construing her filings subsequent to the original complaint as seeking leave to amend.

**VACATED AND REMANDED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia